**Charles A. STEWART, Plaintiff,**

v.

**BARCLAY'S BUSINESS CREDIT, INC., Defendant.**

No. 93 Civ. 7575 (CLB).

United States District Court,
S.D. New York.

Aug. 15, 1994.

Michael H. Sussman, Goshen, NY, for plaintiff.

Lillian S. Weigert, Gellert & Cutler, P.C., Poughkeepsie, NY, for defendant.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

In this civil rights litigation, based on alleged racial discrimination in violation of § 1981 of Title 42, plaintiff recovered a jury verdict of $500,000.00 on July 15, 1994. Counsel for plaintiff, Michael H. Sussman, Esq. now seeks an order awarding reasonable attorney's fees and disbursements incurred in the action, pursuant to 42 U.S.C. § 1988. The motion was fully submitted for decision on August 10, 1994, without oral argument.

The application seeks compensation for 109 hours of legal services at $250.00 per hour, resulting in a total fee of $27,250.00. Disbursements incurred amount to $2,297.92. Defendant does not dispute the number of hours claimed.

This Court finds that the action was prepared for trial and tried in an expeditious manner, and in general compliance with the Court's Case Management Plan. The legal services rendered were skillful and effective and the result achieved was highly beneficial to the client, although the case ploughs no new ground.

Defendant questions whether a reasonable hourly rate to be applied in this action is $250.00 as claimed. Defendant notes that the events of this case arose entirely in the counties of Orange and Dutchess, and that attorney Sussman's office is located in Goshen, New York, in Orange County, where a more reasonable hourly rate for experienced lawyers in state court matters of like difficulty is in the neighborhood of $175.00. We assume that the affidavit in opposition is likely to be correct on this point, and take notice that the cost of living and the cost of operating a law office in Orange County are both likely to be far lower than those of the Park Avenue practitioner who rides the subway to our Foley Square courthouse. Notwithstanding the logical force of the argument, our Court has traditionally applied the hourly rates of New York City practitioners in these matters, recognizing that the relevant community served is the entire Southern District of New York, and if a lawyer chooses to live and work within that district in a more salubrious place, or a cheaper one, that is his or her own personal choice. See generally *McCann v. Coughlin,* 698 F.2d 112, 130 (2d Cir.1983) and cases cited therein. It is too late to change this time honored practice. To do so might bring forth undesirable complications and manipulations which can hardly be imagined or predicted. It would be better were our Court of Appeals to scrap the "lodestar" entirely and award a fee based solely on *quantum meruit,* or the result achieved. To do so would bring many benefits, including elimination of useless pre-trial discovery and motion procedures, and re-

warding the more efficient lawyer. Until that day comes, we should remain with the "lodestar" on a simple, district-wide rate as awarded in our prior cases.

The requested fees and litigation costs are approved and awarded in favor of plaintiff, and shall be added to the judgment based on the jury verdict.

The Clerk shall enter a single, final judgment consistent with the jury verdict and this memorandum decision.

SO ORDERED.